UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lindsey Stewart,<br><br>                              Plaintiff,<br>v.<br>Chick-Fil-A Inc.,<br>                             Defendant. | Case No.: 21cv587-CAB-DEB<br><br>**ORDER: (1) GRANTING MOTION TO DISMISS [Doc. No. 6]; and (2) DENYING AS MOOT MOTION TO REMAND [Doc. No. 9]** |

On June 3, 2021, the Court held a hearing regarding Defendant Chick-Fil-A, Inc.'s motion to dismiss the complaint [Doc. No. 6] and Plaintiff's motion to remand to state court [Doc. No. 9]. Plaintiff Lindsey Stewart, *pro se,* appeared at the hearing. Barbara Miller, Esq., appeared on behalf of Defendant. For the reasons stated at the hearing and as set forth below, Defendant's motion to dismiss is **GRANTED WITHOUT LEAVE TO AMEND**, and the motion to remand is **DENIED AS MOOT**.

PROCEDURAL HISTORY OF 2019 ACTION

On September 17, 2019, Plaintiff Lindsey Stewart ("Plaintiff"), proceeding *pro se*, filed a complaint against Danny Putnam, Becky Putnam, 3 Little Cows, Inc., dba Chick-Fil-A ("3 Little Cows"), and Chick-Fil-A, Inc ("CFA"), for employment discrimination (hereinafter the "2019 Action"). [Case No. 19cv1780-CAB-DEB, Doc. No. 1.] On November 6, 2019, Defendants filed motions to dismiss and strike the original complaint.

[19cv1780, Doc. Nos. 5 and 7.] On January 17, 2020, this Court issued an order granting the motions to dismiss the original complaint with leave to amend. [19cv1780, Doc. No. 21.]

On February 21, 2020, Plaintiff filed a First Amended Complaint ("FAC"). [19cv1780, Doc. No. 22.] The FAC did not contain any allegations as to Defendant CFA and therefore CFA was dismissed from the 2019 action. [19cv1780, Doc. No. 40 at 3.]

On March 12, 2020, Defendants Danny Putnam and 3 Little Cows filed a motion to dismiss and strike the FAC. [19cv1780, Doc. No. 28.] On May 15, 2020, rather than filing an opposition to Defendant's motion, Plaintiff filed a motion to amend. [19cv1780, Doc. No. 37.] On June 15, 2020, this Court issued an order granting in part the motion to dismiss, denying the motion to strike, and denying Plaintiff's motion to amend (hereinafter the "June 15 Order"). [19cv1780, Doc. No. 40.]

In the June 15 Order, the Court dismissed Plaintiff's gender discrimination, sexual harassment, and age discrimination claims <u>without leave to amend</u>. [19cv1780, Doc. No. 40 at 3-5.] The Court also made clear the 2019 Action would proceed only as to the fourth cause of action for retaliation, and only against Defendant 3 Little Cows. [19cv1780, Doc. No. 40 at 7.]

On October 2, 2020, Plaintiff filed a Motion to take leave to amend under FRCP 15(a)(1), requesting that she be allowed to amend the FAC to again add CFA as a defendant, and to add new causes of action for (1) Wrongful Termination in Violation of Public Policy; (2) Failure to Prevent Discrimination, Harassment, and Retaliation of FEHA; and (3) Failure to Investigate Work Place Sexual Harassment Complaints. [19cv1780, Doc. No. 54.] On November 3, 2020, this Court issued an order denying Plaintiff's motion to amend her FAC. [19cv1780, Doc. No. 56 at 3-5.]

On February 2, 2021, Plaintiff and defendant 3 Little Cows participated in a mandatory settlement conference and the case settled. [19cv1780, Doc. No. 63.] On May 20, 2021, the case was dismissed with prejudice. [Doc. No. 73.]

/ / / / /

## PROCEDURAL HISTORY OF CURRENT CASE

In the meantime, on December 18, 2020, Plaintiff filed a complaint in the San Diego Superior Court, entitled *Lindsey Stewart v. Chick-fil-A, Inc.*, Case No. 37-2020-00046783-CU-OE-CTL (the "2020 Action"). [Doc. No. 1-2.]

On April 5, 2021, Defendant CFA removed the 2020 Action to this Court. [Doc. No. 1.] On April 12, 2021, Defendant CFA filed a motion to dismiss the complaint. [Doc. No. 6.] Plaintiff did not file an opposition to the motion to dismiss. However, on May 5, 2021, Plaintiff filed a motion to remand to state court. [Doc. No. 9.]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted"—generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand . . . more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the collective facts pled "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court need not accept as true "legal conclusions" contained in the complaint, *id.*, or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Daniels-Hall v.*

*Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

DISCUSSION

As discussed extensively at the hearing, Plaintiff fails to plead facts stating a claim against CFA.[1] First, Plaintiff's FEHA claims fail because, just as in the 2019 Action, Plaintiff does not allege that CFA was her employer.[2] [*See* 19cv1780, Doc. No. 21 at 3-4; 19cv1780, Doc. No. 56 at 3-5.] Second, just as in the 2019 Action, Plaintiff does not sufficiently allege that CFA was a joint employer.[3] *Id.* Third, just as in the 2019 Action, Plaintiff fails to plead the factual basis for either of her claims, as she does not allege that she herself was harassed or discriminated, does not present facts showing that Defendant failed to prevent retaliation, and does not say how she was harmed. [*See* 19cv1780, Doc. No. 56 at 3-4.] Finally, Plaintiff's second cause of action for "Failure to Provide Required Mechanism in the Complaint Process to Report Sexual Harassment" is identical to the one she attempted to assert in the 2019 Action and fails for the same reason – there is no private right of action under California Government Code sections 12940(k) or 12950. [19cv1780, Doc. No. 56 at 4-5.] Therefore, Plaintiff fails to state a claim against CFA.

This is Plaintiff's third unsuccessful attempt to state a claim against CFA. At the hearing, Plaintiff acknowledged that she has no further facts she could allege to state a claim against CFA. Therefore, leave to amend would be futile.

CONCLUSION

For the reasons stated at the hearing and as set forth above, Defendant's motion to dismiss the complaint is **GRANTED WITHOUT LEAVE TO AMEND**. The pending motion to remand [Doc. No. 9] is **DENIED AS MOOT**. The Clerk shall enter judgment

---

[1] The Court declines to reach the issue of whether Plaintiff's complaint is barred by res judicata.
[2] In fact, Plaintiff alleges that she was "employed by CFA Three Little Cows." [Doc. No. 1 at 2.]
[3] Plaintiff's allegation that there was an "operators agreement" between CFA and Three Little Cows [Doc. No. 1 at 3], merely shows that she was employed by a CFA franchisee. *See Salazar v. McDonald's Corp.*, 939 F.3d 1051, 1056 (9th Cir. 2019)("McDonald's involvement in its franchises and with workers at the franchises is central to modern franchising and to the company's ability to maintain brand standards, but does not represent control over wages, hours, or working conditions").

accordingly and **CLOSE** the case.

      **IT IS SO ORDERED**.

Dated: June 4, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge